**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

ROBERT DEREK LURCH, JR.,

                        Plaintiff,

            v.                                          9:19-CV-895
                                                        (DNH/DJS)

CHARLES BUI, AARON JONES, BRUCE BANKER,
KASEY SHORT, JEREMY BURNS, and MANDY
ROTH,

                        Defendants.

_____

**APPEARANCES:**                       **OF COUNSEL:**

ROBERT DEREK LURCH, JR.
Plaintiff, _Pro Se_
4412001916
George R. Vierno Center
09-09 Hazen Street
East Elmhurst, New York 11370

HON. LETITIA JAMES                     MARK MITCHELL, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## <u>REPORT-RECOMMENDATION and ORDER</u>

        Plaintiff, presently an inmate in the custody of the New York City Department of

Corrections, brought this action alleging constitutional violations while in the custody

of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1, Compl. Defendants have now filed a Motion for Summary Judgment seeking dismissal of Plaintiff's Amended Complaint. Dkt. No. 50. Plaintiff opposes the Motion. Dkt. No. 55, Pl.'s Opp. Defendants filed a reply. Dkt. No. 56. For the reasons which follow, the Court recommends that the Motion be granted.

## I. BACKGROUND

Originally filed in the Southern District of New York, this case was subsequently transferred to this District. Dkt. Nos. 1 & 14. Plaintiff then filed an Amended Complaint. Dkt. No. 26, Am. Compl. Following initial review of the Amended Complaint under 28 U.S.C. §§ 1915(e) and 1915A, the District Court found the following claims required a response from Defendants: (1) Plaintiff's Eighth Amendment medical indifference claim against Defendant Bui; (2) Plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against Defendants Short, Jones, and Banker; and (3) Plaintiff's Eighth Amendment failure-to-protect claims against Defendants Burns and Roth. Dkt. No. 27. Certain other claims were transferred to the Southern District. *Id.* Defendants have now filed a pre-answer Motion for Summary Judgment. Dkt. No. 50.

The events at issue in this case all relate to events alleged to have occurred while Plaintiff was incarcerated at Mid-State Correctional Facility. *See* Dkt. No. 27 at pp. 5-

8.  In support of their Motion Defendants offer sworn Declarations from two DOCCS employees - Rachel Seguin, the Assistant Director of the Inmate Grievance Program for DOCCS, and Christopher Tapia, the Inmate Grievance Supervisor at Mid-State.  Dkt. Nos. 50-1, Seguin Decl. & 50-2, Tapia Decl.  Mr. Tapia's Declaration stated that there was only one grievance filed that related to the allegations in the Amended Complaint. Tapia Decl. at ¶¶ 5, 8, & 10.  That grievance concerned allegations of a use of force in July 2017.  *Id.* at Ex. B.  The facility Superintendent responded to that grievance finding it unsubstantiated.  *Id.*  Mr. Tapia's Declaration indicates that there is no record of an appeal of that disposition to DOCCS' Central Office Review Committee.  *Id.* at ¶ 9.  The Central Office Review Committee also has no record of an appeal of that grievance, or of any other appeal from grievances filed by Plaintiff related to Mid-State Correctional Facility.  Seguin Decl. at ¶ 14.

## II.  LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact.  *F.D.I.C. v.*

*Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin,* 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc*., 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried,

not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does

not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22

F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the

court must "read [his or her] supporting papers liberally, and . . . interpret them to raise

the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d

Cir. 1994); *see also Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless,

summary judgment is appropriate "[w]here the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v.

Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

Defendants seek summary judgment on the ground that Plaintiff failed to exhaust

available administrative remedies prior to commencing his claims as required by the

Prison Litigation Reform Act of 1995 ("PLRA").

### A. Exhaustion under the Prison Litigation Reform Act

#### 1. The Grievance Process

The PLRA provides, in pertinent part, that "[n]o action shall be brought with

respect to prison conditions under section 1983 of this title, or any other Federal law, by

a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The

Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. 7 N.Y.C.R.R. § 701.5(b). An inmate must submit a grievance "within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then

issues a written determination. *Id.* at § 701.5(b).  Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c).  Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d).  Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

An expedited procedure exists for grievances regarding alleged harassment; this procedure also requires that the grievant receive a response from CORC in order to exhaust. 7 N.Y.C.R.R. § 701.8.  Pursuant to this expedited procedure, the inmate may first report the incident to the employee's immediate supervisor. *Id.* at § 701.8(a).  The inmate's allegations are then given a grievance number and the superintendent (or his designee) must promptly decide whether the grievance, if true, would represent a *bona fide* case of harassment. *Id.* at §§ 701.8(b) & (c).  If the superintendent determines the grievance to be a case of harassment, he must render a decision within 25 days; the grievant may then appeal that determination to CORC. *Id.* at §§ 701.8 (d)-(h).

### 2. Plaintiff's Failure to Fully Exhaust his Claims

The exhaustion requirement is designed to permit prison officials to address inmate concerns before the commencement of litigation. *Jones v. Bock*, 549 U.S. 199, 204 (2007). An inmate must exhaust the entire DOCCS three-step process to exhaust a claim under the PLRA. *Seuffert v. Donovan,* 2016 WL 859815, at *4 (N.D.N.Y. Feb. 5, 2016), *report and recommendation adopted*, 2016 WL 796090 (N.D.N.Y. Feb. 26, 2016). The evidence presented in support of the Motion establishes that Plaintiff failed to exhaust his administrative remedies in this case. The record reflects that Plaintiff filed a grievance related to allegations that he was choked by a staff member in July 2017. Tapia Decl. at ¶ 8 & Ex. B. Records from Mid-State C.F. indicate that the grievance was denied by the facility Superintendent. *Id.* Mid-State C.F. has no record of that denial being appealed to CORC. *Id.* at ¶ 9. CORC also has no record of any appeal being filed regarding that appeal. Seguin Decl. at ¶¶ 12-14 & Ex. A.

With respect to the other claims in this action, relating to incidents allegedly occurring in March and April 2018, DOCCS records reflect that Plaintiff did not file any grievances regarding those claims. Tapia Decl. at ¶ 10 & Ex. B. Plaintiff's submissions do not suggest to the contrary as he offers no evidence that he claims shows he fully exhausted his allegations. In light of this evidence, the Court concludes that Plaintiff failed to exhaust his administrative remedies.

### 3. Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 136 S. Ct. at 1858. As the Supreme Court stated in *Ross*, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Id.* The Court provided three potential circumstances in which administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end - with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. Plaintiff bears the burden of establishing that the grievance procedures were unavailable within the meaning of *Ross*. *Martin v. Wyckoff*, 2018 WL 7356771, at *5 (N.D.N.Y. Oct. 16, 2018), *report and recommendation adopted*, 2019 WL 689081 (N.D.N.Y. Feb. 19, 2019).

Plaintiff makes several distinct arguments to excuse his lack of exhaustion, s*ee generally* Pl.'s Opp., but none of them establish any of the exceptions recognized under *Ross*.

Plaintiff first argues that the claims raised in his fifth cause of action concern issues as to which a grievance cannot be filed and, as a result, those claims should proceed no matter the disposition of this Motion.  Pl.'s Opp. at pp. 1-2.  That cause of action contains numerous allegations, the gravamen of which appears to be that Plaintiff was placed in a housing unit where officials knew he was in danger of being attacked, that he was attacked, and that he was then denied medical attention.  Am. Compl. at pp. 15-19.  It is well-established, however, that claims such as these - failure to protect and medical indifference - are claims that an inmate must exhaust.  *See*, *e.g.*, *Girard v. Cuttle*, 2018 WL 4190140, at *5 (N.D.N.Y. Aug. 10, 2018), *report and recommendation adopted sub nom. Girard v. Chuttey*, 2018 WL 4188431 (N.D.N.Y. Aug. 31, 2018) (finding failure to protect and medical indifference claims unexhausted); *Verrilli v. Winchell*, 2010 WL 3909065, at *3 (N.D.N.Y. Sept. 29, 2010) ("Plaintiff's argument that a failure-to-protect claim is not grievable under the regulations is simply without merit.") (citing cases); *Perkins v. Obey*, 2005 WL 433580, at *2 (S.D.N.Y. Feb. 23, 2005) ("Before filing a suit for deliberate indifference to medical needs under section 1983, an inmate in DOCS custody must exhaust a three-step administrative grievance process.").  To the extent Plaintiff contends he was misled by prison officials to believe that these were non-grievable issues, Pl.'s Opp. at pp. 1-2, "the conclusory claim that an unidentified official misled Plaintiff, without more, is not enough to raise a genuine

dispute of material fact and defeat Defendant[s'] motion for summary judgment." *Dinkins v. New York*, 2020 WL 5659554, at *7 (S.D.N.Y. Sept. 23, 2020) (citing *Hill v. Tisch*, 2009 WL 3698380, at *4 (E.D.N.Y. Oct. 30, 20009)).

Plaintiff next argues that filing a grievance at Mid-State C.F. "is a daunting task because inmates are under constant intimidation" because to file a grievance inmates must place their grievance in a box in the inmate dining hall. Pl.'s Opp. at p. 2. As a result he alleges that correctional staff see when inmates file grievances and have made it known that grievances will simply be destroyed, and that they often assault or ticket inmates who submit grievances regarding officers. *Id.* at pp. 2-3. "Conclusory allegations of intimidation are not sufficient." *Hooks v. Howard*, 2010 WL 1235236, at *5 n.3 (N.D.N.Y. Mar. 30, 2010). "Courts in this Circuit are clear that a general fear of retaliation is not an exception to the PLRA's exhaustion requirement." *Aviles v. Tucker*, 2016 WL 4619120, at *4 (S.D.N.Y. Sept. 1, 2016) (internal quotations and alterations omitted).

Plaintiff also alleges that it is a "regular practice" to simply find any inmate grievance unsubstantiated, Pl.'s Opp. at p. 3, but offers no evidence to support this claim which, as a result, is insufficient to excuse his failure to grieve. *Simon v. Susice*, 2019 WL 7971875, at *5 (N.D.N.Y. Dec. 3, 2019), *report and recommendation adopted*, 2020 WL 219229 (N.D.N.Y. Jan. 15, 2020) (conclusory allegations of unavailability of

11

grievance process insufficient to defeat summary judgment); *Geer v. Chapman*, 2016 WL 6091699, at *5 (N.D.N.Y. Sept. 26, 2016), *report and recommendation adopted*, 2016 WL 6090874 (N.D.N.Y. Oct. 18, 2016) (belief that because prior grievances were not satisfactorily resolved made filing another grievance pointless is not a basis for finding grievance process unavailable).

Plaintiff's opposition does raise an allegation that he has attempted to file grievances and grievance appeals that were thwarted by DOCCS personnel. Pl.'s Opp. at p. 3. He claims without detail that he attempted to grieve all of his claims, but that his submissions were not properly forwarded. His conclusory allegations in this regard, however, are insufficient to raise a question of fact. *Richard v. Leclaire*, 2019 WL 4233184, at *3 (N.D.N.Y. Sept. 6, 2019); *Aviles v. Tucker*, 2016 WL 4619120, at *4. Plaintiff has not provided the Court with a copy of any grievance, grievance decision, or grievance appeal related to those issues. *See, e.g., Gibbs v. Gadway*, 2019 WL 5191506, at *5 (N.D.N.Y. Oct. 15, 2019), *report and recommendation adopted*, 2020 WL 1227156 (N.D.N.Y. Mar. 13, 2020) (conclusory claim subject to dismissal where copies of grievances allegedly filed were not submitted as evidence) (citing cases); *Blake v. Porlier*, 2019 WL 7484052, at *5 (N.D.N.Y. Oct. 4, 2019), *report and recommendation adopted*, 2020 WL 58613 (N.D.N.Y. Jan. 6, 2020) (same). Nor does

Plaintiff identify the date any grievance was filed or anything else about the process that would render his claims less conclusory.

Finally, the Court notes that the record establishes that Plaintiff has filed other grievances and appealed at least one prior grievance denial to CORC. *See* Seguin Decl. at Ex. A. "This shows that Plaintiff did not view the filing of grievances as a dead end. It also demonstrates that he clearly understood DOCCS' inmate grievance policy and could navigate it when he wished to pursue a grievance. As such, the first two exceptions identified under *Ross* are not applicable here." *Walker v. Ball*, 2018 WL 1415212, at *5 (N.D.N.Y. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1406632 (N.D.N.Y. Mar. 20, 2018); *see also Gonzalez v. Coburn*, 2017 WL 6512859, at *6 (W.D.N.Y. Dec. 20, 2017) ("Plaintiff's decision to affirmatively participate at all three levels in the inmate grievance program demonstrates that the program was neither a dead-end nor so opaque that Plaintiff could not avail himself of it.").

For these reasons, the Court recommends that the Motion for Summary Judgment be granted based on Plaintiff's failure to exhaust his administrative remedies.

13

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 50) be **GRANTED** and that the Amended Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**</u>.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  December 8, 2020
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge